APPEAL, CLOSED, PROSE−PR, TYPE−G

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:10−cv−00617−RMC

PAYNE v. STANSBERRY
Assigned to: Judge Rosemary M. Collyer
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 04/19/2010
Date Terminated: 10/28/2011
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**RONNIE PAYNE**

represented by **RONNIE PAYNE**
R12016−007
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804
PRO SE

V.

**Respondent**

**PATRICIA STANSBERRY**
*Warden*

represented by **Joan Draper**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 11−844
Washington, DC 20530
(202) 514−7744
Fax: (202) 514−8784
Email: joan.draper@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/19/2010 | 1 | | PETITION for Writ of Habeas Corpus ( Filing fee $ 5 receipt number 4616029140.) filed by RONNIE PAYNE. (Attachments: # 1 Exhibit s, # 2 Civil Cover Sheet)(rdj) (Entered: 04/21/2010) |
| 05/03/2010 | 2 | | ORDER. No more than twenty (20) days from the date of service of this Order and the Petition [Dkt. #1] Respondent shall file with this Court and serve on Mr. Payne a statement showing why the writ of habeas corpus should not issue. The Clerk of Court is directed to furnish a copy of the petition and a certified copy of |

| | | | |
|---|---|---|---|
| | | | this Order to the United States Marshal for the purpose of making service of same on Respondent and the United States Attorney for the District of Columbia. Signed by Judge Rosemary M. Collyer on 5/3/10. (lcrmc1) (Entered: 05/03/2010) |
| 06/14/2010 | | | SHOW CAUSE (2) Issued as to PATRICIA STANSBERRY and U.S. Attorney pursuant to Order to Show Cause 2 (rdj) (Entered: 06/15/2010) |
| 06/29/2010 | 3 | | SHOW CAUSE Executed as to U.S. Attorney pursuant to Order to Show Cause 2 ; Date of Service of show cause order June 28, 2010. (rdj) (Entered: 06/30/2010) |
| 07/07/2010 | 4 | | SHOW CAUSE Executed as to PATRICIA STANSBERRY pursuant to Order to Show Cause 2 ; Date of Service of show cause order June 21, 2010. (rdj) (Entered: 07/08/2010) |
| 07/19/2010 | 5 | | NOTICE of Appearance (Draper, Joan) (Entered: 07/19/2010) |
| 07/19/2010 | 6 | | MOTION for Extension of Time to File Answer by PATRICIA STANSBERRY (Attachments: # 1 Text of Proposed Order)(Draper, Joan) (Entered: 07/19/2010) |
| 07/20/2010 | | | MINUTE ORDER granting 6 the Defendant's Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus. The Defendant shall respond to the petition for writ of habeas corpus no later than September 27, 2010. No further extensions will be granted, save a showing of exceptional circumstances beyond those forming the basis of the current motion. Signed by Judge Rosemary M. Collyer on 7/20/10. (lcrmc1) (Entered: 07/20/2010) |
| 07/20/2010 | | | Set/Reset Deadlines/Hearings: Response to Writ of Habeas Corpus due by 9/27/2010. (cdw) (Entered: 07/22/2010) |
| 09/27/2010 | 7 | | MOTION for Extension of Time to File Response/Reply *to Petition for Writ of Habeas Corpus filed by petitioner Ronnie Payne pursuant to 28 U.S.C. Sec. 2254* by PATRICIA STANSBERRY (Attachments: # 1 Proposed Order)(Draper, Joan) (Entered: 09/27/2010) |
| 09/30/2010 | 8 | | ORDER granting in part and denying in part 7 Respondent's Motion for Extension of Time to File Response/Reply. Respondent shall file a response stating why the writ of habeas corpus should not issue by no later than October 15, 2010. The Clerk shall provide Mary Ann Snow, Acting Chief of the Special Proceedings Division, a copy of this Order. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 9/30/10. (lcrmc1) (Entered: 09/30/2010) |
| 09/30/2010 | | | Set/Reset Deadlines/Hearings: Respondent's Response due by 10/15/2010. (cdw) (Entered: 10/01/2010) |
| 10/06/2010 | 9 | | Letter to the Court from RONNIE PAYNE "Let this be filed" by Judge RM Collyer on 10/6/2010(rdj) (Entered: 10/07/2010) |

| 10/07/2010 | 10 | | Memorandum in opposition to re 7 MOTION for Extension of Time to File Response/Reply *to Petition for Writ of Habeas Corpus filed by petitioner Ronnie Payne pursuant to 28 U.S.C. Sec. 2254* filed by RONNIE PAYNE. (Attachments: # 1 Exhibit A)(rdj) (Entered: 10/08/2010) |
| 10/18/2010 | 11 | | Motion for Leave to File One Business Day Out of Time Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and Memorandum in Opposition filed by PATRICIA STANSBERRY. (Attachments: # 1 proposed Order, # 2 Exhibit, # 3 Text of Proposed Order proposed Order, # 4 Supplement, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit)(Draper, Joan) Modified on 10/19/2010 (rdj). (Entered: 10/18/2010) |
| 10/18/2010 | 12 | | MOTION for Leave to File One Business Day Out of Time Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and Memorandum in Opposition by PATRICIA STANSBERRY (See Docket Entry 11 to view Document)(rdj) (Entered: 10/19/2010) |
| 10/19/2010 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 11 Response to Petition for Habeas Corpus, was modified and correctly titled as a Motion with the event captured as entry #12 and counsel was instructed to select the proper event in the future. (rdj) (Entered: 10/19/2010) |
| 10/19/2010 | | | MINUTE ORDER granting 12 Respondent's Motion for Leave to File One Business Day Out of Time. Signed by Judge Rosemary M. Collyer on 10/19/10.(lcrmc1) (Entered: 10/19/2010) |
| 10/19/2010 | 13 | | MOTION for Leave to File Excess Pages *in Government Response to Petition for Writ of Habeas Corpus* by PATRICIA STANSBERRY (Attachments: # 1 Proposed Order)(Draper, Joan) (Entered: 10/19/2010) |
| 10/19/2010 | | | MINUTE ORDER granting 13 Respondent's Motion for Leave to File Excess Pages. Signed by Judge Rosemary M. Collyer on 10/19/10.(lcrmc1) (Entered: 10/19/2010) |
| 10/19/2010 | 14 | | MOTION to Dismiss by PATRICIA STANSBERRY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13a, # 14 Exhibit 13b, # 15 Exhibit 14a, # 16 Exhibit 14b, # 17 Exhibit 15)(rdj) (Entered: 10/19/2010) |
| 10/20/2010 | 15 | | ORDER. Petitioner shall file a response to Respondent's dispositive motion no later than December 3, 2010. If no response is received, the Court may treat Respondent's motion as conceded, and may summarily deny the petition and dismiss the |

| | | | |
|---|---|---|---|
| | | | case. Signed by Judge Rosemary M. Collyer on 10/20/10. (lcrmc1) (Entered: 10/20/2010) |
| 10/20/2010 | | | Set/Reset Deadlines/Hearings: Response to Dispositive Motions due by 12/2/2010. (cdw) (Entered: 10/21/2010) |
| 11/08/2010 | 16 | | Memorandum in opposition to re 14 MOTION to Dismiss filed by RONNIE PAYNE. (rdj) (Entered: 11/09/2010) |
| 11/16/2010 | 17 | | Letter to the Court from RONNIE PAYNE. "Let this be filed" by Judge RM Collyer on 11/16/2010 (Attachments: # 1 Exhibit) (rdj) (Entered: 11/18/2010) |
| 08/05/2011 | 18 | 7 | MEMORANDUM OPINION. Signed by Judge Rosemary M. Collyer on 8/5/2011. (lcrmc1) (Entered: 08/05/2011) |
| 08/05/2011 | 19 | 6 | ORDER granting 14 Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and discharging the 2 Order to Show Cause. Accordingly, this case is closed. See attached Order and 18 Memorandum Opinion for further details. Signed by Judge Rosemary M. Collyer on 8/5/2011.(lcrmc1) (Entered: 08/05/2011) |
| 08/29/2011 | 20 | | MOTION to Alter or Amend as to 19 Order on Motion to Dismiss, MOTION for Reconsideration re 19 Order on Motion to Dismiss by RONNIE PAYNE (rdj) (Entered: 08/31/2011) |
| 09/21/2011 | 21 | 24 | ORDER denying 20 Petitioner's Motion to Alter or Amend Judgment and for Reconsideration. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 9/21/2011. (lcrmc1) (Entered: 09/21/2011) |
| 10/27/2011 | 22 | 5 | NOTICE OF APPEAL as to 18 Memorandum &Opinion, 19 Order on Motion to Dismiss, by RONNIE PAYNE. Filing fee $ 0.00. Fee Status: No Fee Paid. Parties have been notified. (rdj) (Entered: 10/28/2011) |
| 10/27/2011 | 23 | 23 | Amended NOTICE OF APPEAL re appeal 22 and 21 Order by RONNIE PAYNE. (rdj) (Entered: 10/28/2011) |
| 10/27/2011 | 24 | | MOTION for Leave to Appeal in forma pauperis by RONNIE PAYNE (rdj) (Entered: 10/28/2011) |
| 10/27/2011 | 25 | | MOTION for Certificate of Appealability by RONNIE PAYNE (rdj) (Entered: 10/28/2011) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE PAYNE,                    ]
                                ]
              Petitioner,        ]
      v.                         ]   C.A. No. 10-0617 (RMC)
                                ]
PATRICIA STANSBERRY,             ]
                                ]
              Respondent.        ]

### NOTICE OF APPEAL

Notice is hereby given that petitioner Ronnie Payne appeals
the final order entered on August 5, 2011, denying the petition
for writ of habeas corpus.

                          Respectfully submitted,

Dated:                    _____
                          Ronnie Payne, Petitioner
                          Reg. #12016-007
                          FCC PETERSBURG MEDIUM
                          P.O. BOX 1000
                          PETERSBURG, VA 23804

RECEIVED
Mail Room

OCT 2 7 2011

Angela D. Caesar, Clerk of Court
U.S. District Court D.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONNIE PAYNE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 10-0617 (RMC)** |
| | ) | |
| **PATRICIA STANSBERRY,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the Order to Show Cause [Dkt. # 2] is **DISCHARGED**; it is

further

**ORDERED** that the Respondent's Motion to Dismiss the Petition for Writ of

Habeas Corpus [Dkt. # 14] is **GRANTED**; accordingly, this case is closed.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

**SO ORDERED**.


_____
/s/
ROSEMARY M. COLLYER
United States District Judge

Date: August 5, 2011

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONNIE PAYNE,** | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 10-0617 (RMC)** |
| | ) | |
| **PATRICIA STANSBERRY,** | ) | |
| | ) | |
| *Respondent.* | ) | |

## <u>MEMORANDUM OPINION</u>

Petitioner Ronnie Payne seeks issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254.  He claims that his custody, based on a judgment of conviction entered by the Superior Court of the District of Columbia, violates the Fifth and Sixth amendments to the United States Constitution.  The Respondent, Warden Patricia Stansberry, moves to dismiss on the grounds (1) that the petition is time-barred; (2) that claims arising from alleged errors during the trial proceedings are foreclosed by local remedy D.C. Code § 23-110; and (3) that appellate counsel was not constitutionally ineffective.  Upon consideration of the parties' submissions and the entire record, the Court will grant Warden Stansberry's motion to dismiss.

## I.  BACKGROUND

Following a jury trial before Associate Judge George W. Mitchell, Mr. Payne and co-defendant Ronald E. Garris were convicted of two counts of premeditated first degree murder while armed, two counts of assault with intent to kill while armed, one count of carrying a pistol without a license, and one count of possession of a firearm during a crime of violence.  Mr. Payne was sentenced to consecutive sentences ranging from two years to life imprisonment.

*Payne v. U.S.*, 697 A.2d 1229, 1230 & n.1 (D.C. 1997).  The underlying facts as recounted by the

District of Columbia Court of Appeals on Messrs. Payne and Garris' direct appeal are as follows:

> Terence Woodfork, Hezekiah Vaughn, Kenyetta Jeter and Maurice Carey, all good friends, were seated in a Nissan Pulsar automobile, outside the Breezes Metro Club on Channing Street and Bladensburg Road, N.E., on the night and in the early morning hours of March 12 and 13, 1992.  While they were sitting and drinking beer in the Nissan Pulsar, they spotted a blue or gray car carrying a white female and a black male, later identified as Christine Terry and Preston Coe, approach and park. Terry and Coe got out of the car and walked toward the Metro Club.  Soon another car drove up, occupied by two black males.  The two black males emerged from their car and eventually stood in front of the Nissan Pulsar and opened fire, killing Vaughn and Jeter, and injuring Carey in the back and arm.  At the time the shots were fired, neither Woodfork nor Carey saw anyone else on the street.  Later, the police showed Woodfork a photo array and he picked out Garris and Payne as the assailants.  He also made an in-court identification of both men.  When Carey was shown the photo array by the police, he initially picked out only Coe, the black male who was with the white female.  He did not identify Garris and Payne until his testimony during their trial.  However, Carey testified that after the shots were fired, he saw both the car carrying the two black males and the one bearing the white female and the black male leave the area.  The car carrying the black male and white female departed first.
>   At the time of the shootings, Officer Stacey Davis was on duty in the Metro Club area.  He "heard . . . gunshots, stepped to the corner and observed the gunshots."  As he ran up Channing Street, he saw a vehicle containing a black man and a white woman moving on the street.  He also "observed two black males firing into or onto a vehicle."  One was dark in complexion and had on a blue jean outfit, and the other was light-complected and had on an orange muscle sweat shirt with blue jeans.  When the men saw the officer, they got into a car and drove away. Officer Davis identified Payne in court as one of the men he had seen shooting into the Nissan Pulsar.
>   Christine Terry testified at trial that she had known Garris for about nine to ten months prior to March 13, 1992, and Payne for about six months prior to that time.  She met both through her then boyfriend, Preston Coe.  Earlier on the night of the shooting incident, she saw Garris and Payne sitting in a car.  Garris had a 45 millimeter gun in his lap, but she did not see Payne with a weapon.  After Terry arrived in the area of the Metro Club, she overheard Coe tell Garris and Payne to put their guns in the trunk of the car before they went into the club.  Payne "said no, that the boys in the occupied car [Vaughn, Jeter, Woodfork and Carey] might see where they're putting their guns."  She heard Garris say, "we'll try our shootouts on these young niggers behind us. . . We'll smoke these young niggers behind us."  Coe and Terry left the area.  As Coe and Terry were leaving the area, Terry said she "[saw] Ronald Garris in front of the . . . blue car . . . shooting into it."  She did not see Payne

with any gun.  About half an hour after Coe and Terry reached their apartment, they received a telephone call, and about fifteen minutes after the call Payne and Garris arrived.  Garris went into Coe's bedroom with Coe, where the two men remained for about twenty-five to thirty minutes.  Garris and Payne were arrested approximately one month after they killed Vaughn and Jeter.

*Id*. at 1230-32 (footnotes omitted) (alterations in original).  On direct appeal, Mr. Payne argued that the trial court erred in denying his motion for a new trial based on newly discovered evidence, namely a 9mm. Calico Model M-950 pistol, *id*. at 1233, and "when it admitted the eyewitness identification by Officer Stacey Davis and visited the [crime] scene and then affirmed its ruling on the identification testimony."  *Id*. at 1234-35 (alterations in original).  He also argued that the trial court erred in giving an aiding and abetting jury instruction and that he was convicted on insufficient evidence.  *See* Gov't's Ex. 14B [Dkt. # 14-16] (Brief for Appellant at 29-34).  In its decision issued on July 24, 1997, the D.C. Court of Appeals affirmed Mr. Payne's convictions, noting that his arguments "that the evidence was insufficient to convict [him]" and "that the trial court erred in giving an aiding and abetting instruction" were "without merit." *Payne*, 697 A.2d at 1235 n.12.

On October 10, 1997, Mr. Payne moved in the D.C. Court of Appeals to recall the mandate "or alternatively to set aside the panel division judgment."  That court construed the motion as a petition for rehearing and, on October 13, 1997, denied it.  Pet'r Ex. A (Docket Sheet of Appellate Case No. 93-CF-001643); Gov't's Ex. 1.

On October 28, 1998, the Superior Court received Mr. Payne's "Motion to Vacate Sentence and Set Aside Conviction Ineffective Assistance of Trial Counsel and Appellate Counsel" brought pursuant to D.C. Code § 16-1901 and § 23-110, which was dated August 25, 1998.  Gov't's Ex. 2.  By Order of March 6, 2000, Judge Mitchell summarily denied Mr. Payne's

3

"§ 23-110 motion to set aside his conviction because of ineffective assistance of counsel and

[his] motion to have counsel appointed to represent him at a hearing on this matter . . . ."  Gov't's

Ex. 5.

On March 25, 2005, Mr. Payne filed in Superior Court a "Motion to Amended

[sic] Original § 23-110(g) Pleading Pursuant [to] Rule 15(a)(c)(1)(2)," in which he challenged

the aiding and abetting jury instruction.  Gov't Ex. 7.  By Order of March 16, 2006, Associate

Judge Geoffrey M. Alprin denied the motion without first obtaining a response from the

government "because the motion and files and records of the case conclusively show that

defendant is not entitled to relief."  Gov't's Ex. 8.  Judge Alprin determined that the jury

instructions "on the principles of aiding and abetting and on first degree murder . . . were given in

accordance with the standard 'red-book' instructions . . . ."  *Id*. at 1.  He also found that Mr.

Payne's consecutive sentences were proper because he was convicted of two murders and two

assaults.  *Id*.  On September 11, 2006, Judge Alprin denied Mr. Payne's motion for re-entry of

judgment, noting that his appeal time "had lapsed."  *See* Gov't's Ex. 11 at 2.  On December 11,

2006, Mr. Payne filed in Superior Court yet another Motion to Vacate Sentence and Set Aside

Conviction for Ineffective Assistance of Counsel.  *Id.*

On November 24, 2008, Mr. Payne filed a Motion to Vacate Judgment, in which

he sought to vacate the order of September 11, 2006.  *Id*. at 3.  By Order of January 19, 2010,

Judge Alprin denied Mr. Payne's motion for new trial "as successive," *id.* at 2, and denied Mr.

Payne's motion to vacate judgment upon finding that the Superior Court's rules did not support

Mr. Payne's claim.  *Id*.

4

Meanwhile, on August 14, 2008, Mr. Payne moved in the D.C. Court of Appeals to recall the mandate.  On August 22, 2008, the Court of Appeals, noting that the mandate had issued on August 15, 1997, denied Mr. Payne's motion as "untimely filed but without prejudice to the filing of an appropriate motion in the trial court."  Gov't Ex. 1 at 7.  On September 17, 2008, Mr. Payne filed a motion for reconsideration, Gov't Ex. 10, which Warden Stansberry represents was "rejected."  Resp't's Mot. to Dismiss the Pet. for Writ of Habeas Corpus, Filed by Pet'r Ronnie Payne Pursuant to 28 U.S.C. § 2254, and Mem. in Opp'n to the Pet. ("Gov't Mem.") [Dkt. # 14] at 17.[1]

On April 19, 2010, Mr. Payne filed the instant habeas action seeking relief under 28 U.S.C. § 2254.  He argues that his appellate counsel, Joseph Conte, was ineffective because he had also represented him at trial and, therefore, had a conflict of interest.  Pet. at 11-12.  Mr. Payne contends that "[s]uch representation was objectionable and clearly violated [his] right to the assistance of counsel under the Sixth Amendment."  *Id*. at 12.  "Because of the obvious conflict of interest," Mr. Payne asserts, Mr. Conte failed "to investigate facts relevant [to] a § 23-110 motion; construct the § 23-110 motion; file the § 23-110 motion; and move the court to appoint counsel to raise claims regarding ineffective assistance of counsel (at trial), in the § 23-110 motion."  *Id*. & Ex. B (Affidavit of Ronnie Payne) ("Payne Aff.").  In addition, Mr. Payne states in his affidavit that Mr. Conte "did not discuss the appellate process with me in order to ascertain what issues that I wanted to present in my appellate brief . . . ."  Payne Aff. ¶ 7.  Mr. Payne contends that but for Mr. Conte's conflict, he "would have argued on direct appeal and in

---

[1]  Warden Stansberry cites Gov't Ex. 1, which does not contain a ruling on Mr. Payne's motion for reconsideration.

a § 23-110 motion that attorney Conte was ineffective during the trial process when he failed to object to the trial court giving the jury an aiding and abetting instruction." Pet. at 12.  He suggests that the evidence did not support such an instruction and contends that "[t]rial counsel should have argued that the indictment only presented facts accusing Petitioner of being the 'principal' assailant and not an aider and abettor of the crimes," *id*., and that he was denied due process "since he was not given any notice that the jury [could] consider convicting him under a different government theory." *Id*. at 13.

Mr. Payne contends further that "[t]he trial court told the jury that it was obligated to find Petitioner guilty notwithstanding the fact that the government failed to carry its burden." Pet. at 14.  He asserts that "[b]y instructing the jury that it 'must' find the defendant guilty if the Government has failed to prove any element of the offense, beyond a reasonable doubt, the court gave the jury the clearly unlawful option of convicting on a lower standard of proof." *Id*. at 15. Mr. Payne attaches to the petition Mr. Conte's response to his inquiry as to why he did not challenge the jury instruction on reasonable doubt, Pet'r Ex. C, in which Mr. Conte stated that he "overlooked the faulty jury instruction" and stated that "under the circumstances your best option is pursuing the ineffective option which, of course, I cannot help you with." Pet'r Ex. D.  Mr. Payne asserts that in addition to the foregoing errors, he "would have presented a claim against trial counsel for his failure to object to the trial judge's visit to the crime scene by himself." Pet. at 14.

## II.  LEGAL STANDARD

"A . . . judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [or issue a show cause order], unless it appears from the application that

6

the applicant . . . is not entitled thereto." 28 U.S.C. § 2243.  In addition, a hearing on an

application is not required if the application and the government's return "present only issues of

law." *Id*.

As a general rule, District of Columbia prisoners, such as Mr. Payne, are

foreclosed from federal court review of their convictions by D.C. Code § 23-110, which provides

a post-conviction remedy for D.C. prisoners that "is comparable to" the remedy under 28 U.S.C.

§ 2255 for federal prisoners.  *Swain v. Pressley*, 430 U.S. 372, 375 (1977).  The exception is

where the local remedy is shown to be inadequate or ineffective.  The District of Columbia

Circuit has determined that § 23–110 does not bar a habeas petition challenging the effectiveness

of appellate counsel "because the Superior Court lacks authority to entertain a section 23–110

motion challenging the effectiveness of appellate counsel."  *Williams v. Martinez*, 586 F.3d 995,

999 (D.C. Cir. 2009).  Thus, "D.C. prisoners who challenge the effectiveness of appellate counsel

through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the

apple in federal court."  *Id*. at 1000.  Mr. Payne has satisfied the exhaustion requirement and,

thus, may pursue his claim of ineffective assistance of appellate counsel under  "the standard set

forth in 28 U.S.C. § 2254."  *Id*. at 1002.

Pursuant to § 2254,

[a]n application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or (2) resulted in a decision that was based on an

7

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  The state courts' factual determinations are "presumed to be correct.  The applicant [has] the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).  Finally, "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  § 2254(i).

### III.  ANALYSIS

Warden Stansberry seeks dismissal of the petition on the grounds that (1) it is time-barred, (2) it is barred in part by D.C. Code § 23-110, and (3) it fails to state a claim of ineffective assistance of appellate counsel.

### 1.  The Statute of Limitations

Warden Stansberry argues that Mr. Payne's habeas petition is barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1), which begins to run from (a) the date a judgment becomes final; (b) "the date on which the impediment to filing an application created by State action . . . is removed . . ."; (c) the date on which the Supreme Court recognized a new constitutional right and made it retroactive to cases on collateral review; or (d) the date "on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."  § 2244(d)(1).  She calculates that at the latest, Mr. Payne had until September 20, 2001, to file this action.  *See* Gov't's Mem. at 21-25.

The limitations period under § 2244 is not jurisdictional and, thus, "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  In

*Williams,* the D.C. Circuit announced a new circumstance when the local remedy provided by § 23-110 is inadequate, thereby opening the door to federal court review of a D.C. prisoner's claim of ineffective assistance of appellate counsel ("IAAC"). *Williams* was finally decided on December 23, 2009 (*reh'g den.*), and arguably only then was the impediment to Mr. Payne's filing of a § 2254 petition removed. *See Williams*, 586 F.3d at 1000 ("[W]e have already recognized some exceptions under section 23-110(g), *and today we recognize another.*") (Emphasis added.) Mr. Payne filed the instant petition four months later, on April 19, 2010. Applying either the statutory date of when the impediment was removed or principles of equitable tolling, the Court will deny Warden Stansberry's motion to dismiss the petition as time-barred.

### 2.  The Local Remedy Bar

It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110.  *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997).  Absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted).  Under  District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g).  Warden Stansberry argues correctly that Mr. Payne's claims based on errors that occurred at his criminal trial are not subject to review by this Court because Mr. Payne

has not shown that his local remedy was inadequate to address those errors.  The fact that Mr.

Payne was unsuccessful in his multiple attempts for relief under § 23-110 does not alone render

the local remedy inadequate or ineffective.  *Richardson v. Stephens*, 730 F. Supp. 2d 70, 72

(D.D.C. 2010) (citing cases).  Therefore, the Court, lacking jurisdiction over any claims based on

trial court error, will grant Warden Stansberry's motion to dismiss such claims.

### 3.  Ineffective Assistance of Appellate Counsel

Performance of appellate counsel is measured by the same standards that apply to

trial counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  The Supreme Court has articulated

two separate standards for evaluating the effectiveness of counsel in a criminal case.  Under

*United States v. Cronic*, 466 U.S. 648 (1984), courts will presume a *per se* violation of the Sixth

Amendment right to counsel only " 'if counsel entirely fails to subject the prosecution's case to

meaningful adversarial testing.' " *Bell v. Cone*, 535 U.S. 685, 697 (2002) (quoting *Cronic*, 466

U.S. at 659) (emphasis in original).  Mr. Payne has made no showing in support of a claim under

*Cronic*.

Except in those rare circumstances where *Cronic* applies, courts evaluate claims

of ineffective assistance of counsel under the standard enunciated in *Strickland v. Washington*,

466 U.S. 668 (1984), which requires (1) showing that counsel's representation fell below an

objective standard of reasonableness; and (2) demonstrating that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008) (quoting *Strickland*, 466

U.S. at 687–88, 694) (quotation marks omitted).  The burden of proof rests on Mr. Payne to show

first "that [Mr. Conte] was objectively unreasonable . . . in failing to find arguable issues to

appeal," and only if he "succeeds in such a showing, he then has the burden of demonstrating prejudice.  That is, . . . but for [Mr. Conte's] unreasonable failure . . . he would have prevailed on his appeal."  *Smith*, 528 U.S. at 285-86.  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."  *Strickland*, 466 U.S. at 700.

A court's evaluation of an attorney's performance should be highly deferential, *i.e.*, there is a strong presumption that an attorney's conduct fell within the wide range of reasonable professional assistance.  *United States v. Toms*, 396 F.3d 427, 432 (D.C. Cir. 2005) *(quoting Strickland*, 466 U.S. at 689).  The fact that a particular litigation strategy failed does not mean that it had no chance of success or that counsel was ineffective by employing it.  "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Strickland*, 466 U.S. at 689.

Because § 2254(i) explicitly precludes a claim predicated on the inadequate representation of counsel during a collateral proceeding, such as that authorized by D.C. Code § 23-110, Mr. Payne has failed to state a habeas claim based on Mr. Conte's failure to investigate, construct, and file a motion under § 23-110.  *See Wright v. Stansberry*, No. 11-5046, 2011 WL 2618210 (D.C. Cir., June 24, 2011) ("Appellant's claim that his appellate counsel was ineffective in litigating a motion pursuant to D.C. Code § 23–110 was properly dismissed because 'defendants lack a constitutional entitlement to effective assistance of counsel in state

11

collateral proceedings'. ") (quoting *Williams*, 586 F.3d at 1001) (other citations omitted); *accord Wright v. Stansberry*, 759 F. Supp. 2d 49, 51-52 (D.D.C. 2011).

      What remains of Mr. Payne's IAAC claim independent of Mr. Conte's failure to represent him in the collateral proceeding is sketchy, but the Court will accept Warden Stansberry's undisputed characterization of the claim as based on Mr. Conte's failure to (1) challenge the aiding and abetting instruction; (2) object to the trial judge's visit to the crime scene alone; and (3) object to the reasonable doubt instruction.  Gov't's Mem. at 32-33 (citing Pet. at 12-14); *see* Pet'r Ronnie Payne's Opp'n to Resp't's Mot. to Dismiss the Pet. for Writ of Habeas Corpus, Filed by Pet'r Ronnie Payne Under 28 U.S.C. § 2254, and Mem. in Opp'n to the Pet. [Dkt. # 16] at 3-4.

      The first two alleged omissions are belied by the record establishing the opposite. *See generally* Gov't's Ex. 14B (Brief of Appellant).[2]  In rejecting Mr. Payne's argument of error stemming from the trial judge's behavior, the appellate court stated:

> Clearly, the trial judge should not have visited the scene of the crime alone.  However, neither Payne nor Garris preserved an objection to the trial judge's visit.  Significantly, the record shows that prior to visiting the scene of the crime, the trial judge had already ruled that Officer Davis was a credible witness.  Thus, he did not rely on his visit to make factual findings regarding the officer's credibility or the reliability of the eyewitness identification.  Moreover, although Officer Davis's testimony contained some inconsistencies regarding the night of the murders and what he saw, he identified both Payne and Garris in court as the men he observed shooting into the Nissan Pulsar that night.  Therefore, we cannot say that Payne was prejudiced by the trial judge's solo visit to the crime scene.

---

[2]  In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice[,] [*e.g.*,] matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."  *Baker v. Henderson,* 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted).

*Payne*, 697 A.2d at 1235.  As to the claimed error based on the jury instruction, the appellate

court, while also rejecting Mr. Payne's argument that he was convicted on insufficient evidence,

stated that "Payne's contention that the trial court erred in giving an aiding and abetting

instruction is equally without merit [because] [t]here was sufficient evidence to convict Payne

either as a principal or as an aider and abettor, and the jury could properly return a general verdict

against Payne without specifying whether he was a principal or an aider and abettor."  *Id.* at 1235

n.12 (citation omitted).  Hence, Mr. Payne's IAAC claim based on two of Mr. Conte's alleged

omissions rests on a false premise.  Because Mr. Conte raised the foregoing issues on direct

appeal, Mr. Payne has not shown that Mr. Conte's performance as to those issues was objectively

unreasonable.

      Mr. Payne faults Mr. Conte for failing to present as error the following instruction

on reasonable doubt:

> Now, the burden is on the Government to prove the defendants' guilt, beyond a
> reasonable doubt.  This burden of proof never shifts throughout the trial.  The law does
> not require a defendant to prove his innocence or to produce any evidence.  If you find
> that the Government has proved, beyond a reasonable doubt, every element of the
> offense with which these defendants, or this defendant is charged, it's your duty to find
> that defendant guilty.  *On the other hand, if you find that the Government has failed to
> prove any element of the offense, beyond a reasonable doubt, you must find that
> defendant guilty.* (Emphasis added.)

Pet'r Ex. D; Gov't's Ex. 15 [Dkt. # 14-17] (certified transcript at 94).  Mr. Conte did not object

to the instruction at trial.  *See* Gov't's Ex. 15 at 114 (Mr. Conte's stating satisfaction with Judge

Mitchell's instructions).

      Although Judge Mitchell's omission of "not" from the final clause constituted

error, it is not a "reasonable probability" that the outcome of Mr. Payne's appeal would have

been any different had the issue been raised.  In determining whether a jury instruction is constitutionally infirm, the D.C. Court of Appeals applies the test of "whether there is a 'reasonable likelihood that the jurors who determined . . . guilt applied the instructions in a way that violated the Constitution[.]"  *Blaine v. U.S.*, 18 A.3d 766, 774 (D.C. 2011).  "[I]n reviewing a challenge to a reasonable doubt instruction, the court must determine 'whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard.' "  *Id.*, n.30 (*quoting Victor v. Nebraska*, 511 U.S. 1, 22–23 (1994) (*citing  In re Winship*, 397 U.S. 358 (1970)) (other citation omitted).  However, when, as here, no objection to a defective instruction is made at trial, the D.C. Court of Appeals inquires as to "whether the alleged defect was 'plain error' [by] [asking] first, whether the error was 'obvious or readily apparent' . . . and second, whether the error complained of was 'so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial.' "  *Foreman v. U.S.*, 633 A.2d 792, 795 (D.C. 1993) (citing Super. Ct. Crim. R. 52(b)) (other citations omitted).

　　　　　In hindsight, the omitted word seems so obvious an error that it is surprising that neither Mr. Conte nor Mr. Garris' attorney objected to the instruction.[3]  *But see id.* at 795-96 ("Finally, the judge made clear to the jury that the government had the burden of proof on each element of the offense.  Taking these instructions as a whole, it simply is not 'obvious or readily apparent' that the judge's reformulation lessened the standard of proof for conviction.").   Even if

---

[3]  Warden Stansberry speculates that the omission was "a transcription error," Gov't's Mem. at 45, but absent the court reporter's affidavit confirming such to be the case, the record speaks for itself.

the omission were obvious and readily apparent, Mr. Payne's IAAC claim would fail because it is not reasonably likely that the D.C. Court of Appeals would have found, after reviewing the instructions in their entirety, that the fairness and integrity of the trial were compromised. *See Victor*, 511 U.S. at 22 (concluding that "taken as a whole, the [reasonable doubt] instructions correctly conveyed the concept . . . to the jury.") (citation and internal quotation marks omitted).

In his lengthy charge to the jury, Judge Mitchell told the jury to consider the instructions as a whole, to "not take and disregard any instruction, and give more weight to another, and less weight to another," and to not "give any special attention to any one instruction . . . ." Gov't Ex. 15 at 90. He informed the jury several times about the presumption of innocence and the government's burden to prove the defendants' guilt beyond a reasonable doubt generally, *see id* at 89-90, 94-95, and as to each offense, *see id.* at 101-11. In addition, the D.C. Court of Appeals found from its own examination of "the [eyewitness] testimony of Woodfork, Carey, Terry and Officer Davis . . . ample evidence upon which reasonable jurors could find the appellants guilty beyond a reasonable doubt."[4] *Payne*, 697 A.2d at 1235 n.12.

The D.C. Court of Appeals' decision in *Foreman*, decided nearly four years before Mr. Payne's appeal, is also telling. In concluding that no plain error had occurred "in the trial

---

[4] In upholding the trial court's denial of Mr. Payne's motion for a new trial, and specifically addressing the prejudice prong of the analysis, the D.C. Court of Appeals observed that "Payne and Garris were identified by Woodfork and Carey as the men who were standing in front of the Nissan Pulsar just before they heard multiple shots. Moreover, Officer Davis saw two persons, not one person, firing a gun. None of the witnesses saw Coe with a gun on the night of the murders, and, given the other evidence in this case, the fact that the gun was later found in one of his bags alone 'would [not] probably produce an acquittal.' " *Payne*, 697 A.2d at 1234 (citation omitted).

15

judge's single reformulation of the reasonable doubt instruction," *Foreman*, 633 A.2d at 797, the

court explained that:

> [t]he reasonable doubt instruction did not eliminate any essential elements of the charged offenses.  It did not serve to direct a verdict of guilty.  It did not omit to mention reasonable doubt altogether . . . . Moreover, this was not a complex case nor one at all close on the evidence.  The government presented strong proof of assault with a dangerous weapon . . . .  Under all of the circumstances, the judge's single change in the instruction, doubtfully significant as affecting the jury's understanding of the government's burden, does not disturb our confidence in the fairness and integrity of the trial.

*Id.* at 796 (alteration in original) (internal quotation marks and citation omitted); *see Blaine*, 18

A.3d at 775 nn.35, 36 (citing cases affirming convictions despite erroneous instruction based on

strength of the government's case).  Given the similarities between Mr. Payne's situation and that

of Mr. Foreman, the reasonable likelihood that the D.C. Court of Appeals would have departed

from the *Foreman* rationale in addressing Mr. Payne's challenge to the reasonable doubt

instruction is nil.  *See Foreman*, 633 A.2d at 797 ("The plain error rule reflects a 'careful

balancing of our need to encourage all trial participants to seek a fair and accurate trial the first

time around against our insistence that obvious injustice be promptly redressed.' ") (quoting

*United States v. Frady*, 456 U.S. 152, 163 (1982)).  Hence, Mr. Payne has not shown that he was

prejudiced by Mr. Conte's deficient performance.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Mr. Payne has not shown his

entitlement to a writ of *habeas corpus* under 28 U.S.C. § 2254.  It therefore will grant Warden

Stansberry's motion to dismiss.  A memorializing order accompanies this Memorandum

Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: August 5, 2011

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE PAYNE,                        ]
                                     ]
              Petitioner,            ]
                                     ]
     v.                              ]   C.A. No. 10-0617 (RMC)
                                     ]
PATRICIA STANSBERRY,                 ]
                                     ]
              Respondent.            ]

## AMENDED NOTICE OF APPEAL

Notice is hereby given that petitioner Ronnie Payne appeals the order entered on September 21, 2011 denying the Motion to Alter or Amend Order/Reconsideration.

Respectfully submitted,

Dated:

RONNIE PAYNE, PETITIONER
REG. #12016-007
FCC PETERSBURG MEDIUM
P.O. BOX 1000
PETERSBURG, VA 23804

RECEIVED
Mail Room

OCT 2 7 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

23

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONNIE PAYNE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 10-0617 (RMC)** |
| | ) | |
| **PATRICIA STANSBERRY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner Ronnie Payne has filed a motion pursuant to Fed. R. Civ. P. 59(e) to

alter, amend or reconsider the final order entered on August 5, 2011, denying the petition for a

writ of habeas corpus.  The granting of such motions is discretionary and is appropriate only

when the Court finds that "there is an intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice."  *Fox v. Am.*

*Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d

1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue

facts and theories upon which a court has already ruled."  *New York v. United States*, 880 F.

Supp. 37, 38 (D.D.C. 1995).  Nor is it an avenue for a "losing party . . . to raise new issues that

could have been raised previously."  *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir.

1993).

Mr. Payne asserts that the Court failed to address his claim that his appellate

counsel was ineffective for failing to argue his own ineffectiveness at trial.  *See* Mot. ¶¶ 3-5.

However, Mr. Payne merely repeats arguments the Court previously considered in addressing the

merits of his ineffective assistance of appellate counsel claim, *see* Mem. Op. [Dkt. # 18] at 12-

16, and in determining that it lacked jurisdiction over the claims arising from his trial.  *See id*. at

9-10.  Accordingly, it is

       **ORDERED** that Mr. Payne's Motion to Alter or Amend Order/Reconsideration

[Dkt. # 20] is **DENIED**.

                     /s/
                     ROSEMARY M. COLLYER
                     United States District Judge

DATE: September 21, 2011